# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELISSA PRISCILLA MORALES, | ) | Case No. EDCV 15-00899-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On May 7, 2015, Melissa Priscilla Morales ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on August 31, 2015.  On November 23, 2015, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 34-year-old female who applied for Social Security Disability Insurance benefits on December 28, 2011, alleging disability beginning May 2, 2010.  (AR 12.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 2, 2010, the alleged onset date.  (AR 14.)

Plaintiff's claim was denied initially on January 6, 2012, and on reconsideration on December 26, 2012.  (AR 12.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John Kays on October 29, 2013, in Orange, California.  (AR 12.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 12.)  Vocational expert ("VE") Susan L. Allison also appeared and testified at the hearing.  (AR 12.)

The ALJ issued an unfavorable decision on November 8, 2013.  (AR 12-29.)  The Appeals Council denied review on March 10, 2015.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.      Whether the ALJ properly evaluated the opinions of Dr. Shinada.

2.      Whether the ALJ properly evaluated Plaintiff's testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since May 2, 2010, the alleged onset date.  (AR 14.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: systemic lupus erythematosus (hereinafter "SLE") based on inflammatory arthritis.  (AR 14-17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 17-18.)

The ALJ then found that Plaintiff has the RFC to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).  (AR 18-28.)  In determining the above RFC, the ALJ made an adverse credibility determination.  (AR 19.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a bank manager, collections manager, and mortgage loan officer.  (AR 28.)  The ALJ also found that, considering Claimant's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Claimant can perform.  (AR 28-29.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 29.)

## DISCUSSION

The ALJ's decision must be affirmed.  The ALJ properly discounted the medical opinions of Dr. Shinada for specific, legitimate reasons, and properly discounted Plaintiff's testimony about her subjective symptoms for clear and convincing reasons.  The ALJ's RFC is supported by substantial evidence.

I.      **THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Dr. Shuntaro Shinada, Plaintiff's treating rheumatologist.  The Court disagrees.

A.      **Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who

neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

6

1     **B.**    **Analysis**

2        Plaintiff testified at the hearing that she is unable to work because she has lupus.  (AR

3 18.)  Her major symptom is fatigue, but she also indicated she suffers from joint pain, chest

4 pain, Reynaud's in her hands, headaches, and difficulty sleeping.  (AR 18-19, 20.)  The ALJ

5 found that Plaintiff has the medically determinable severe impairment of lupus (SLE) (AR 14-

6 15), but the allegations of joint pain, Reynaud's in her hands, chest inflammation, or headaches

7 are not substantiated by objective clinical findings.[1]  (AR 22.)  The ALJ further found that

8 Plaintiff obtains relief of lupus symptoms with Plaquenil, and pain symptoms with ibuprofen,

9 both without side effects, and also reported increased energy with Vitamin B12.  (AR 19, 20-

10 21.)  The ALJ also found that the medical evidence documents well-preserved function with no

11 swelling, full motor strength, intact sensation, and normal reflexes and grip strength.  (AR 22-

12 23, 27.)  The ALJ discounted Plaintiff's credibility because of a broad range of daily activities

13 that involved weight-lifting and regular cardiovascular exercise at the gym 4-5 times per week.

14 (AR 21-22.)  The ALJ concluded that Plaintiff can perform a full range of sedentary work.  (AR

15 18, 27.)

16        Dr. Shinada, Plaintiff's rheumatologist, opined that Plaintiff retains the functional

17 capacity for less than the full range of sedentary work, and that her impairments and functional

18 limitations preclude all work.  (AR 24.)  More specifically, on October 11, 2011, Dr. Shinada

19 issued an opinion that Claimant has lupus and suffers from depression.  (AR 24.)  Dr.  Shinada

20 checked boxes indicating Claimant has significant limitation of motion in her right knee, right

21 elbow and right hand.  (AR 24.)  He also found Plaintiff has cardiopulmonary and central

22 nervous involvement, positive ANA tests associated with her SLE and related symptoms of

23 fatigue, headaches and Reynaud's phenomenon.  (AR 24.)  He opined that Claimant's

24 symptoms interfered with her attention and concentration, and that she is incapable of even low

25

26      [1]  The ALJ also found that Plaintiff has a history of thrombocytopenia, a disorder manifested
by low platelet count.  (AR 16.)  Blood tests documenting this impairment, however, predate the

27 alleged onset date (AR 16) and objective medical evidence no longer demonstrates low platelet
count.  (AR 17.)  Thus, the ALJ found thrombocytopenia is not a medically determinable

28 impairment as of the alleged disability onset date.  (AR 17.)

stress work.  (AR 24.)  He assessed Plaintiff with a RFC of 10 pounds lifting occasionally, sitting four hours in an eight hour day, standing and walking only 2 hours in an eight hour day, and additional manipulative and environmental limitations.  (AR 24.)  He concluded Plaintiff would miss work more than 3 times a month due to her impairment-related symptoms.  (AR 24.)  In October 2012, Dr. Shinada issued another medical source statement identifying Plaintiff's only symptom as fatigue such that she is unable to work.  (AR 24.)

    The ALJ did not afford full credit to the opinions of Dr. Shinada.  (AR 24.)  The ALJ need not accept the opinion of any physician if it is brief, conclusory or inadequately supported by clinical findings.  Chaudry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012); 20 C.F.R. § 404.1527(c).  Further, an ALJ may reject a treating physician's opinion that is not supported or is contradicted by his treatment notes.  Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2005); Bayliss, 427 F.3d at 1216.  Here, the ALJ found that Dr. Shinada's opinions were not substantiated by his own clinical findings.  (AR 24, 25-26.)  The ALJ noted that Dr. Shinada's treatment notes do not document any clinical tests or physical examination to assess the Claimant's range of motion, motor strength or sensation and reflexes.  (AR 25.)  Nor do the treatment notes document any clinical findings of grip strength to support the manipulative limitations assessed.  (AR 25.)  Dr. Shinada's treatment notes also indicate resolution of lymph node enlargement, no functional limitation and good respiratory and cardiac function on clinical examination.  (AR 25.)  Despite checking boxes for joint swelling, Dr. Shinada's clinical findings indicate no synovitis (swelling).  (AR 25.)  Blood tests in 2010 indicated normal liver function and were negative for autoimmune indicators with anti-neuronal cell levels in the upper limits of normal.  (AR 25.)  Despite Dr. Shinada's observations of "purplish fingers," he did not observe any swelling or decreased motor strength in Plaintiff's hands.  (AR 25-26.)  In October 2010, Dr. Shinada identified chest pain even though treatment notes documented Plaintiff's statement that she had no chest pain.  (AR 26.)  The ALJ also rejected Dr. Shinada's diagnosis of depression because the treatment notes contain no mental status examination, mental impairments are not within the scope of his expertise, and the diagnosis was based on Claimant's subjective reports.  (AR 26.)  Objective clinical findings do not substantiate

Claimant's reports of concentration and memory problems.  (AR 18.)  On mental status examination, Claimant demonstrated intact immediate and remote memory.  (AR 18, 21.)  The ALJ also found that Plaintiff's impairments of anxiety and depression are not severe.  (AR 15, 27.)  The ALJ concluded that Dr. Shinada's assessments were check box opinions without any explanation of how the symptoms merit the limitations he assessed.  (AR 26.)  See  Batson, 359 F.3d at 1195 (ALJ may properly discount treating doctor's opinions because they were in the form a checklist without supporting objective evidence, contradicted by other evidence in the record and were based on claimant's subjective statements).

The ALJ further found that Dr. Shinada's opinions were inconsistent with other substantial evidence of record.  (AR 24.)  The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Batson, 359 F.3d at 1195.  Here, the ALJ noted that Dr. Wallace's recent physical examination was a normal exam, which Dr. Hwang's clinical findings mirrored.  (AR 24-25.)  The ALJ found that the clinical findings of these physicians demonstrated well-preserved function and do not support the functional limitations assessed by Dr. Shinada.  Neither Dr. Wallace nor Dr. Hwang observed or noted any decreased range of motion.  (AR 25.)  Their findings of full motor strength, intact sensation, normal reflexes, and no swelling in Claimant's hands or extremities is direct evidence of well-preserved function.  (AR 25.)

Another reason the ALJ rejected Dr. Shinada's less than sedentary RFC is because of daily activities that include weight-lifting and cardiovascular exercise 4-5 times a week, which is evidence of exertional capacity that allows for sedentary exertion.  (AR 27.)  An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed activities. Bayliss, 427 F.3d at 1216.

As discussed below in greater detail, the ALJ also discounted Plaintiff's credibility for inconsistent statements, inconsistent daily activities, noncompliance with medications, unsubstantiated allegations, and medical improvement when compliant with medication.  (AR

1  19-23, 27.)  A treating physician's opinion based on subjective complaints of a claimant whose

2  credibility has been discounted can be properly disregarded.  Tonapetyan, 242 F.3d at 1149.

3         The ALJ devoted nearly three pages (AR 24-26) to Dr. Shinada's opinions.  Plaintiff

4  disagrees with the ALJ's assessment of Dr. Shinada's opinions, but it is the ALJ's responsibility

5  to resolve conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.  Where the ALJ's

6  interpretation of the record is reasonable, as it is here, it should not be second-guessed.

7  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

8         The ALJ rejected Dr. Shinada's opinions for specific, legitimate reasons supported by

9  substantial evidence.

10  **II.**   **THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS**

11         Plaintiff contends that the ALJ improperly discounted her subjective symptom

12  allegations.  The Court disagrees.

13       **A.**   **Relevant Federal Law**

14         The test for deciding whether to accept a claimant's subjective symptom testimony turns

15  on whether the claimant produces medical evidence of an impairment that reasonably could be

16  expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341,

17  346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80

18  F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the

19  severity of symptoms merely because they are unsupported by objective medical evidence.

20  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain

21  testimony not credible, the ALJ "must specifically make findings which support this conclusion."

22  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the

23  court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278

24  F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is

25  evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

26  claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."

27  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what

28

1    testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at

2    722; Smolen, 80 F.3d at 1284.

3         **B.    Analysis**

4         In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable

5    impairments reasonably could be expected to cause her alleged symptoms.  (AR 19.)  The

6    ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and

7    limiting effects of her alleged symptoms were not entirely credible.  (AR 19.)  Because the ALJ

8    did not make any findings of malingering, he was required to provide clear and convincing

9    reasons supported by substantial evidence for discounting Plaintiff's credibility.  Smolen, 80

10   F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008).  The ALJ

11   did so.

12        First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with

13   or unsupported by the medical evidence.  (AR 22-23, 25, 27.)  An ALJ is permitted to consider

14   whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so

15   long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400

16   F.3d 676, 680-81 (9th Cir. 2005).  Here, the ALJ found that Plaintiff's allegations of joint pain,

17   Reynaud's in her hands, and chest inflammation were not substantiated by clinical findings.

18   (AR 22.)  Both Dr. Shinada and Dr. Wallace found clear respiratory function.  Dr. Wallace

19   observed intact function of the cranial nerves, intact sensation, full motor strength, normal

20   reflexes, normal vascular function, and no synovitis.  (AR 22.)  Dr. Hwang documented Plaintiff

21   reported no history of headaches.  (AR 22.)  The ALJ found that evidence in the record does

22   not document consistent, objective clinical findings of decreased range of motion, decreased

23   motor strength, decreased sensation, or reflex problems to merit or support postural limitations.

24   (AR 27.)  He also found that there is no evidence of grip strength testing to support any

25   manipulative limitations, a finding supported by the fact that Plaintiff lifts weights, which

26   requires gripping and grasping ability.  (AR 27.)  The ALJ found no evidence in the record to

27   support any environmental limitations.  (AR 27.)

28

Second, the ALJ found that Plaintiff's lupus symptoms, pain and fatigue, were relieved with medications when Plaintiff was compliant with these medications.  (AR 19, 20-21, 23.)  Impairments that can be controlled effectively with medication are not disabling.  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, the ALJ found that Plaintiff on numerous occasions discontinued medications on her own accord, which is evidence that Plaintiff's symptoms are not as severe as alleged.  (AR 23.)  Plaintiff discontinued medication for chest inflammation and was dilatory in starting Vitamin B12 for fatigue and magnesium for headaches.  (AR 23.)  Plaintiff also discontinued Lexapro to treat alleged mental symptoms.  (AR 23.)  An ALJ may discount the subjective symptom allegations of a claimant who fails or refuses to follow a prescribed treatment regimen.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Fourth, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations (AR 21-22), which is a legitimate consideration in evaluating credibility.  Bunnell, 947 F.2d at 345-46.  As already noted, Plaintiff performs cardiovascular exercise 4-5 times a week and lifts weights.  (AR 21.)  She exercises daily and squats occasionally.  (AR 21.)  She also takes her son to school daily, helps her son with homework, walks her dog, cooks, cleans, drives and travels independently, runs errands, and shops.  (AR 21.)  The ALJ found that the physical exertion demonstrated by this broad scope of daily activities undermines Plaintiff's credibility regarding the severity of any impairment related symptoms.  (AR 22.)

Lastly, the ALJ found inconsistencies in Plaintiff's statements and with other evidence in the record regarding the severity of her symptoms.  (AR 19-21.)  An ALJ may consider inconsistencies between Plaintiff's statements regarding his subjective symptoms and his other statements and conduct in evaluating credibility.  Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59.  Despite her subjective symptom allegations, Plaintiff at various times reported no joint pain and no chest pain.  (AR 20.)  She also reported that ibuprofen relieves her pain symptoms, her lupus was stable on Plaquenil, her headaches were better and relieved with magnesium, and Vitamin B12 alleviates her fatigue.  (AR 20.)  She reported to the consulting psychiatrist that she had concentration and memory problems

but told Dr. Shinada she does not have any memory problems.  (AR 21.)  She told Dr. Shinada she was anxious and under a lot of stress but reported to Dr. Lai on numerous occasions she was not particularly stressed about being back at school.  (AR 21.)  In fact, Claimant identified no particular stressors to Dr. Lai.  (AR 21.)

Plaintiff disputes the ALJ's adverse credibility determination, but again it is the ALJ who has the responsibility to resolve ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ rejected Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.


DATED: January 15, 2016                                    /s/ John E. McDermott
                                                           JOHN E. MCDERMOTT
                                                           UNITED STATES MAGISTRATE JUDGE